LINCOLN SAFE DEPOSIT COMPANY, Appellant, *v.* THE CITY OF NEW YORK et al., Respondents.

Streets — vault under street erected by abutting owner under permit from municipal authorities — when such permit may be revoked by municipality.

The plaintiff, the owner of land abutting on a street in the city of New York, under a permit granted by the city, erected vaults under the adjacent part of the street, and erected therein a heating plant. Plaintiff had no ownership in, or title to, the fee of the street. When the construction of the subway was about to be commenced notice was given to the plaintiff to remove its plant from the street. The plaintiff failed to comply with this notice and later a sub-contractor for the construction of the subway entered upon the part of the street occupied by the plaintiff, broke down and sold and converted the vaults and there constructed the subway. Thereupon the plaintiff sued the city, the contractor and the sub-contractor for trespass. At the trial the complaint was dismissed as to the defendants, the city and the contractor. *Held*, that the plaintiff's rights as owner of the adjoining land are merely those of an abutter, which includes the easements of light, air, access and lateral support except as to excavations made for street purposes, and that the permit cannot be construed as a conveyance of title to a part of the street. Hence the complaint was properly dismissed as to the city and the contractor. (*Parish* v. *Baird*, 160 N. Y. 302; *Lahr* v. *Met. El. R. Co.*, 104 N. Y. 268, distinguished.)

*Lincoln Safe Deposit Co.* v. *City of New York*, 148 App. Div. 985, affirmed.

(Argued December 3, 1913; decided December 16, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 10, 1912, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel Hoff* for appellant. The plaintiff's vaults, contiguous to and in front of its premises, constructed pursuant to permits duly issued to it by the city were property, and entitled to the protection of the law the same as any other kind of property. (*Deshong* v. *City of New York*, 176 N. Y. 475; *Parish* v. *Baird*, 160 N. Y. 302; *Matter of B. U. El. R. R. Co.*, 105 App. Div. 111; *Lahr* v. *Met. El. Ry. Co.*, 104 N. Y. 268; *Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122; *Kane* v. *N. Y. El. R. R. Co.*, 125 N. Y. 164; *Matter of Rapid Transit R. R. Co.*, 197 N. Y. 102; *Gregsten* v. *City of New York*, 145 Ill. 451; *Morrill* v. *McMahon*, 24 Mich. 279.) The construction of the subway by the city of New York did not justify the destruction of the plaintiff's vaults and the property therein without compensation. (*Matter of B. U. El. R. R. Co.*, 105 App. Div. 111; *City of New York* v. *Rice*, 198 N. Y. 124; *Stuart* v. *Palmer*, 74 N. Y. 183; *Matter of R. T. R. R. Co.*, 128 App. Div. 105.)

*Archibald R. Watson, Corporation Counsel* (*Clarence L. Barber* and *Terence Farley* of counsel), for City of New York, respondent. The allegations and proofs show that the permits were mere revocable licenses which could not survive the appropriation of the land to a public use. That conclusion follows also from the law which inhibits the alienation of any part of a city street. The underground railroad is a city use or public purpose. (*Potter* v. *I. R. T. Co.*, 54 Misc. Rep. 423; *March* v. *City of New York*, 69 App. Div. 1; 134 App. Div. 325; 201 N. Y. 599; *Eckerson* v. *Crippen*, 110 N. Y. 585;

*Bunke* v. *N. Y. Tel. Co.*, 110 App. Div. 241; *Kommer* v. *Daly*, 104 App. Div. 528; *White* v. *Man. Ry. Co.*, 139 N. Y. 19; *Adee* v. *Nassau Elec. R. R. Co.*, 65 App. Div. 529; *Kaiser* v. *Cinberg*, 130 App. Div. 254; *N. Y. Steam Co.* v. *Foundation Co.*, 123 App. Div. 255.)

*Bayard H. Ames, John Montgomery* and *James L. Quackenbush* for Georgie A. McDonald, as executrix of John B. McDonald, deceased, respondent.    McDonald's entry, under municipal authority, by a sub-contractor, into the vaults did not constitute a trespass, and the dismissal of the complaint as to him was proper. (*Potter* v. *I. R. T. Co.*, 54 Misc. Rep. 423.)    Plaintiff's vault permits were of a revocable character. (*Deshong* v. *City of New York*, 176 N. Y. 475; *Parish* v. *Baird*, 160 N. Y. 302; *Matter of B. U. El. R. R. Co.*, 105 App. Div. 111; *White* v. *M. Ry. Co.*, 139 N. Y. 19; *N. Y. Steam Co.* v. *Foundation Co.*, 123 App. Div. 254; *March* v. *City of New York*, 69 App. Div. 1; *Potter* v. *I. R. T. Co.*, 54 Misc. Rep. 423; *Spink* v. *Corning*, 61 App. Div. 84; 172 N. Y. 626; *Kommer* v. *Daly*, 104 App. Div. 528; *Wiseman* v. *Lucksinger*, 84 N. Y. 31.)

*James F. Donnelly* for Degnon Contracting Company, respondent.    Plaintiff's vault permits were revocable in their nature and were revocable for such a purpose as the construction of the subway in the city of New York. (*Matter of B. U. El. R. R. Co.*, 105 App. Div. 111; *N. Y. Steam Co.* v. *Foundation Co.*, 195 N. Y. 43; *Deshong* v. *City of New York*, 176 N. Y. 475; *Southampton* v. *Jessup*, 162 N. Y. 122; *Long Island R. R. Co.* v. *Garvey*, 159 N. Y. 334; *Canfield* v. *Ford*, 28 Barb. 336; *McMillan* v. *Klaw*, 107 App. Div. 407; *Reeve* v. *Duryee*, 144 App. Div. 647; *Sweeney* v. *St. John*, 28 Hun, 634; *White* v. *Mahattan Ry. Co.*, 139 N. Y. 19.)

*James A. Deering* for New York Contracting Company — Pennsylvania Terminal, intervening.

CULLEN, Ch. J.    The plaintiff, the owner of land abutting on Forty-second street in the city of . New York, under a permit granted by the city, erected vaults under the adjacent part of the street, and installed therein a heating plant.    When the construction of the subway was about to be commenced notice was given to the plaintiff to remove its plant from the street.    The plaintiff failed to comply with this notice and six months later a sub-contractor of the defendant McDonald, who had contracted for the construction of the subway, entered upon the part of the street occupied by the plaintiff, broke down the vaults and constructed there the subway. Thereupon the plaintiff sued the city, McDonald and the sub-contractor for trespass.    If the plaintiff was entitled to maintain and occupy the vaults as against the public authorities all the parties would be liable, for both the contract of McDonald with the sub-contractor and that of the city with McDonald necessarily required the invasion of the vaults.    At the trial the complaint was dismissed as to the defendants, the city and McDonald.    A verdict was rendered against the sub-contractor for the value of the boilers and plant installed by the plaintiff in the vaults which it was alleged that the defendant had sold and the proceeds converted to his own use.    But no appeal from that judgment is now before us.

We are of opinion that the case was properly decided by the courts below.    The allegations of the complaint and the deed by which the plaintiff acquired title excluded it from any ownership of the street, even apart from the fact that under its charter the fee of the streets in the old city of New York is vested in the city.    The plaintiff's rights as owner of the adjoining land are, therefore, merely those of an abutter, which include the easements of light, air and access, and, under a recent decision of this court in *Matter of Rapid Transit R. R. Commissioners* (197 N. Y. 81), lateral support except as to excavations made for street purposes.    None of these easements in this

case has been invaded. The learned counsel for the appellant insists that an abutter's rights are greater and extend to the inhibition of the use of the street for other than street purposes, which the construction of the subway was not, though, doubtless, a public use. The law in this state is settled to the contrary of that claim. As early as *Craig* v. *Rochester City & Brighton R. R. Co.* (39 N. Y. 404) it was held that the use of a street by a railroad company was an appropriation of the highway for a new and distinct purpose which entitled the owner of the fee in the street to compensation. This doctrine has been steadily adhered to. (*Peck* v. *Schenectady Ry. Co.*, 170 N. Y. 298.) At the same time it was held that an abutter was not entitled to compensation for the construction of a railroad upon a street or highway where he did not own the street (*Kellinger* v. *Forty-second Street & G. St. F. R. R. Co.*, 50 N. Y. 206), and it was subsequently held that the *Story* and other elevated railroad cases had in no degree impaired this doctrine. (*Forbes* v. *Rome, Watertown & O. R. R. Co.*, 121 N. Y. 505.) The plaintiff's right to maintain this action must, therefore, rest on the permit granted by the city authorities.

It is elementary law that public grants must be strictly construed against the grantee. The permit does not appear in the record, and there is nothing to show that it purported to be given in perpetuity or for any particular period of time. The complaint does not allege any grant, but merely a permit to build the vaults within the limits of the street. If we assume the instrument to be as broad in its effect as the municipality was authorized to make it, it is not to be construed as a conveyance of a title to a part of the street. The very name, "permit," repels the idea that it was intended as a grant or conveyance. In *Jorgensen* v. *Squires* (144 N. Y. 280) the legality of vaults under sidewalks, coal chutes and the like was considered. It was held that the municipality had authority to give permission to maintain such struc-

tures under the power granted by the charter to control and regulate the public streets. A power to regulate and control public streets is not a power to alienate the title to any part of the street. Permits for vaults, like those to maintain areaways, stoops, courtyards, save such structures from being unlawful obstructions of the highway and nuisances, but are subject to abrogation for public convenience or necessity. It would be unreasonable to assume that the city after acquiring the land for public use should immediately proceed to alien parts so acquired, and that when under change of circumstances the public require or desire either the whole of the land or the use of some part of it which hitherto the abutter has been permitted to enjoy for his private benefit, the city should be put to another condemnation proceeding. In *Deshong* v. *City of New York* (176 N. Y. 475) it was said of the presumption arising from the existence for a long period of a vault under the sidewalk: "It is not a presumption of a grant or of the title of a permanent right in the street, as no power exists in the authorities to make such a grant or to confer any such right. The title to the streets being in the city as trustee for the public, no grant or permission can be legally given which will interfere with their public use. The right of the public to the use of the streets is absolute and paramount to any other." (p. 483.) I do not assert that the privilege given to an abutter to construct a vault in the street can be capriciously withdrawn. It is good till the public convenience or necessity dictates its abrogation. I think it is similar to privileges granted in two cases which were considered by Appellate Divisions of the Supreme Court. In the first (*New York Mail & Newspaper Transportation Co.* v. *Shea*, 30 App. Div. 266) the validity of a privilege granted by the commissioner to lay a pneumatic tube on the Brooklyn bridge was upheld, but it was said that the privilege and similar ones were at all times subject to what might be termed the legislative or

governmental power of the bridge authorities over the bridge, even though the exercise of such authority should lead to the abrogation of the privilege. In *Gushee* v. *City of New York* (42 App. Div. 37, 48) the same rule was held as to the grant of a restaurant privilege in one of the public parks, the court saying: "But if at any time in the future it (the city) shall determine in good faith to take away the restaurant, the plaintiff must submit, because he takes his agreement subject to the power which the law has given to make these regulations."

Reliance is placed by the plaintiff on a statement made in *Parish* v. *Baird* (160 N. Y. 302) that the right to maintain vaults is an easement. Whether an easement or not, the right is in some respects similar to an easement and is a property right as against any third party who may violate it. That was all the case presented. It did not involve the duration of the privilege as against the public. Also attention is called to a statement found in the opinion in the case of *Lahr* v. *Metropolitan Elevated R. Co.* (104 N. Y. 268, 291) that the right which the city of New York acquired in the streets is limited to their use for street purposes. The opinion did not receive the approval of a majority of the court and the excerpt quoted is an inaccurate statement of the law. If it were correct there would be no difference between a case where the city takes only an easement and that where it takes the fee. Yet it is settled law that the legislature can authorize the acquisition of such a title to land taken for public use as will leave no right remaining in the original owner. (*Brooklyn Park Comrs.* v. *Armstrong*, 45 N. Y. 234; *Heyward* v. *Mayor, etc., of N. Y.*, 7 N. Y. 314, 325.) Moreover, the subsequent case of *Forbes* v. *Rome, Watertown & O. R. R. Co.*, already cited, is wholly inconsistent with the doctrine stated in the opinion referred to. Nor do I see any reason why the right of the public authorities to recall the privilege granted the plaintiff and similar privileges should

be limited to cases where such recall is necessary for street purposes. The very object of acquiring title in fee as distinguished from an easement is to vest in the public the right to use the land for all purposes. The defendants, who are the respondents on this appeal, did not authorize the sub-contractor to convert the plaintiff's plant installed in the vaults to his own use and are not liable for any action of the sub-contractor in that respect.

The judgment appealed from should be affirmed, with costs.

HISCOCK, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment affirmed.