THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY OF OLEAN, Respondent, *v.* WESTERN NEW YORK AND PENNSYLVANIA TRACTION COMPANY, Appellant.

Railroads — common council of city may not compel street surface railroad to move its tracks from the side to the center of a street, unless authorized by city charter or other act of legislature.

1. In order to promote public convenience, the legislature may compel a street railroad corporation to change the location of its tracks in a public street; but such police power resides in the legislature itself and may be exercised by local authorities only to the extent that it has plainly been delegated. Where there has been no such express delegation of power, it cannot be implied unless it is so essential to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the legislature. The implied power must be necessary, not merely convenient, and the intention of the legislature must be free from doubt.

2. A street surface railroad was constructed on the side of a public highway of a town as required by the consent given by the commissioner of highways pursuant to section 127 of the Railroad Law (Cons. Laws, chap. 49). This highway afterward became a public

street in a city, the charter of which contained no express or implied delegation of the legislative power to change the terms of the franchise. *Held*, that the company cannot be compelled by the common council to move its tracks to the center of the street. (*People ex rel. City of Geneva* v. *Geneva, W., S. F. & C. L. Traction Co.*, 186 N. Y. 516, distinguished.)

*People ex rel. City of Olean* v. *Western N. Y. & Penn. Traction Co.*, 165 App. Div. 947, reversed..

(Argued March 1, 1915; decided April 13, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 16, 1914, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus.

The facts, so far as material are stated in the opinion.

*William L. Marcy* and *Helen Z. M. Rodgers* for appellant. The city of Olean was without power under its charter to compel the relocation of appellant's tracks. (L. 1893, ch. 478, § 82; L. 1913, ch. 247, § 20, subd. 7; *Vil. of Carthage* v. *C. N. Y. Tel. Co.*, 185 N. Y. 448; *People ex rel. N. Y. El. Lines Co.* v. *Squire*, 107 N. Y. 593; *A. R. T. Co.* v. *Hess*, 125 N. Y. 641; *People ex rel. N. Y. El. L. Co.* v. *Ellison*, 188 N. Y. 523; *People ex rel. Ward* v. *Erie R. R. Co.*, 149 N. Y. Supp. 717.)

*D. L. Jewell* for respondent. The relator has the power to change the location of the track. (*People ex rel. Geneva* v. *W. S. F. & C. L. T. Co.*, 112 App. Div. 581; 186 N. Y. 516; L. 1893, ch. 478; *City of Buffalo* v. *Stevens*, 207 N. Y. 258.)

MILLER, J. This proceeding was instituted to compel the defendant, a street railroad corporation, to remove its tracks from the side to the center of East State street in the city of Olean in accordance with a resolution of the common council of said city. When the defendant's road was constructed the part of the street in question

was outside the limits of the city, and in the town of Olean. The consent of the town highway commissioner, granted pursuant to the statute (now section 171 of the Railroad Law; Cons. Laws, ch. 49), required the construction of the railroad on the side of the highway " where it will not interfere seriously with ordinary traffic." Pursuant thereto the railroad was located on the south side of the highway. Proceedings having been taken to improve said street under section 137 of the Highway Law (Cons. Laws, ch. 25), the common council adopted the resolution which is the basis of this proceeding.

A railroad derives its franchise from the state. The statute, now section 171 of the Railroad Law, pursuant to article 3, section 18, of the State Constitution, makes the exercise of such a franchise in the case of street railroads conditional upon the consent " of the local authorities having control of that portion of a street or highway upon which it is proposed to build or operate such railroad," etc. No doubt the consent of the local authority may be withheld or granted on specified conditions, but when given, the special franchise, so called, becomes property protected by the Constitution and, except for conditions attached to the consent, subject to regulation only under the police power. (*People* v. *O'Brien*, 111 N. Y. 1; *Ingersoll* v. *Nassau Electric R. R. Co.*, 157 N. Y. 453.)

No doubt, to promote the public convenience the legislature may compel the defendant to relocate its tracks. (*People ex rel. City of Geneva* v. *G. W., S. F. & C. L. Traction Co.*, 186 N. Y. 516. And see *City of Rochester* v. *Rochester Railway Co.*, 182 N. Y. 99; *Chicago, Burlington & Quincy Railway Co.* v. *Illinois ex rel. Drainage Comrs.*, 200 U. S. 561.) However, the police power resides in the state legislature, and may be exercised by local bodies only to the extent that it has plainly been delegated. In the *City of Geneva* case the city charter expressly authorized the board of public works to require

a street surface railroad to change the location and grade of its tracks to conform to any improvement or alteration in the street.   There has been no such express delegation of power to the city of Olean; and, as the learned counsel for the respondent concedes, the important question in this case is whether that power is necessarily to be implied from the powers expressly conferred on the common council.

Undoubtedly municipal corporations possess implied, as well as express, powers.   (*Village of Carthage* v. *Frederick*, 122 N. Y. 268.)   But to be implied, a power must be so essential to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the legislature.   The implied power must be necessary, not merely convenient, and the intention of the legislature must be free from doubt.   (Dillon on Municipal Corporations [3d ed.], section 89; *Minturn* v. *Larue*, 23 How. (U. S.) 435; *City of Ottawa* v. *Carey*, 108 U. S. 110, 124.)   Powers of local government and police regulation usually possessed by municipal corporations will be implied more readily than a delegation of the police power, *e. g.*, to regulate the exercise of franchises by public service corporations.

Several provisions of the charter of the city of Olean (Chapter 478, Laws of 1893) are called to our attention. But we think the power in question is to be implied, if at all, from the power " to discontinue, lay out, widen, open, alter, change the grade or otherwise improve roads, avenues, streets," etc.   The power to change the grade of a street may fairly be said to involve the power to compel a street railroad to lower or raise its tracks to conform to the new grade; but the power to require a relocation of the tracks does not appear to be necessary to the exercise of the power to alter and improve streets.   Certainly the necessity is not so plain that it can with any certainty be said to have been contemplated by the legislature.

We do not say with respect to the question now involved,

**530** PEO. EX REL. CITY OF OLEAN *v.* W. N. Y. & P. T. CO.

[214 N. Y.]          Opinion, per MILLER, J.          [April,

as was said with respect to the regulation of telephone and telegraph companies in *Village of Carthage* v. *Central N. Y. Tel. & Telegraph Co.* (185 N. Y. 448, 452), that a delegation of power cannot be implied. In that case it was held that the power to compel a telephone company to place an extension of its lines in underground conduits could not be implied from the power " to regulate the erection of telegraph, telephone or electric light poles, or the stringing of wires, in, over or upon the streets or public grounds," etc. Certainly then the power to compel a relocation of the tracks of a street railroad will not be implied from the general power to alter and improve streets. There is not a word in the charter of the city of Olean to suggest that the legislature intended to delegate the power now asserted or even considered the matter. It does not appear in this case that the public convenience even will be promoted by changing the tracks to the center of the street. Indeed the appellant contends that such a change will involve greater danger to the public. But, as the learned counsel for the respondent insists, if the power exists, its exercise does not depend on the facts of the particular case. Situations may be supposed in which it will be more convenient to have the tracks in the center of the street. But mere convenience is not enough to give rise to the implication of delegated power.

The orders should be reversed, with costs in the Appellate Division and in this court, and the motion denied, with ten dollars costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Orders reversed, etc.