State ex rel. City of West Allis, Appellant, vs. Mil-
waukee Light, Heat & Traction Company, Re-
spondent.

*December 16, 1920—January 11, 1921.*

*Eminent domain: Removal of interurban railway tracks from pri-
vate way to street: Liability to abutting owners: Power of
municipality to compel removal.*

1. An interurban railway company which owned the portion of the
   street on which its tracks were situated, subject to the right
   of the public to use it for highway purposes, cannot remove
   its tracks from its private right of way to another portion

of the street on demand of the city without assuming liabilities to abutting property owners; and before any condemnation the interurban railway must first obtain the consent of the city thereto.

2. A city has no authority under the provisions of the general charter law (sub. (31), sec. 925—52, Stats. 1919), empowering it to establish and alter grades of streets, or by sub. (51) of that section, empowering it to regulate the laying down of street-car tracks, to require an interurban railway, which laid its tracks on a private right of way before the city was organized, to move its tracks from the right of way which it still owned to another portion of the street, so as to bring the tracks into the center of the street.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

The petitioner is a city of the fourth class within the county of Milwaukee. Within its present corporate limits Burnham street runs east and west between Forty-ninth and Fifty-third avenues with Fifty-first avenue between these, all three crossing Burnham street. The defendant and respondent is an interurban street railway running its cars upon the portion of Burnham street above mentioned.

The territory in question had formerly been within the limits of the town of Greenfield, was subsequently incorporated within the village of West Allis, which in 1906 became incorporated as the city of *West Allis.*

The defendant is operating under an indeterminate permit as provided for in sec. 1797t—3, Stats.

In May, 1916, the common council of the petitioner enacted an ordinance regulating the use of the streets by street railway companies, declaring it to be the duty of every corporation then or thereafter engaged in operating a street railway within the city of *West Allis* to maintain its tracks of a certain gauge and to keep them not elevated above nor depressed below the established grade of the street or highway, and its tracks to be laid in such manner that carriages and other vehicles can easily and freely cross said streets at any and all points without obstruction, and "to be laid as

near the center of said streets and highways and as near together as practicable."

For some time prior to May, 1916, the tracks of the defendant company were not exactly in the center of said portion of Burnham street as then existing. During the year 1917 the petitioner widened Burnham street on the south side thereof from Fifty-first avenue west to and including Fifty-third avenue, having had the strip so added conveyed to it by the adjoining property owners.

Thereafter the common council of petitioner passed a resolution directing the defendant to move its tracks between Forty-ninth and Fifty-third avenues to the then and new center of Burnham street and directing that such moving should be completed by October 1, 1918, and due service of a copy of such resolution was made upon the defendant company. The defendant refused to comply with said resolution and so notified the common council, and an alternative writ of *mandamus* was thereupon issued to compel compliance with such resolution.

The petition therefor recited that Burnham street and the avenues in question were much traveled public highways and that "by reason of the location of said tracks upon said highway beyond the center of said street and by reason of the street cars traveling to and fro upon the said tracks, and particularly interurban cars which travel at high rates of speed, the said highway, Burnham street, by reason of the fact of the said track of the defendant company not being in the center of said street, is in a dangerous and unsafe condition."

It further appears that at the east line of Forty-ninth avenue the tracks were and are .25 feet north of the center line of Burnham street as widened and improved; at the west line of Fiftieth avenue 9.56 feet north, and at the west line of Fifty-first avenue 12.56 feet north of the center, and continue to be such distance north up to Fifty-third avenue.

In its return the defendant alleged, among other things, as follows:

"By way of justification for its refusal to comply with the terms of said writ and with the provisions of the certain ordinances set forth therein directing the defendant to change the location of its tracks and to lay and construct the same along and upon the center line of Burnham street, the defendant alleges that the said city of *West Allis* is without power, except at its own expense, to compel the defendant to change the location of its said tracks and reconstruct the same over the route sought by said city of *West Allis*. In support of such claim of justification the defendant alleges the following facts:

"(a) The defendant's tracks between Forty-ninth avenue and Fifty-third avenue in the present city of *West Allis* were constructed many years ago upon private right of way; that said tracks were constructed upon the location conveyed to the defendant by the owners in fee simple of said premises; that such owners retained the right to thereafter lay out a highway along and upon the defendant's tracks, but such reservation was subject to the condition that any such dedication should be subject to the rights of the defendant, and that the owners of said premises retained no interest therein except an interest which was expressly subject and subordinate to the right of the defendant to maintain and operate a line of electric railway along and upon the premises so conveyed.

"(b) That the defendant's tracks were constructed and have ever since been maintained and are now located and maintained upon the route so conveyed to it.

"(c) That the rights of the defendant so acquired have never been condemned by, or conveyed to, petitioner.

"(d) That subsequent to the grant to the defendant of said right of way, the defendant's grantors, by dedication or otherwise, conveyed to the city of *West Allis,* or its predecessor, the use, for highway purposes, of the grantor's servient estate in the premises over which the defendant had been theretofore so granted a right of way, but such conveyance or dedication conveyed to the city of *West Allis,* or its predecessor, only the rights of said owners which were subject and subordinate to the right of the defendant.

"(e) That at the time such highway was opened over and

·along said premises that portion of said premises so con-
veyed to defendant was occupied by the defendant's tracks
and was already devoted to a public use; that the easement
for public travel imposed by the laying out and opening
of a highway, pursuant to the grant by such owners of
rights subordinate to those of this defendant, is not superior
to the rights of the defendant theretofore conveyed to it
by the owners of the fee of the said premises.

"(f) That by the laying out and opening of said high-
way along a course varying from the location of defendant's
tracks as theretofore constructed upon the right of way con-
veyed to it, the city of *West Allis,* or its predecessor, has
accepted said premises for highway purposes *cum onere* and
subject to the defendant's right to maintain and operate its
line of railway upon the location theretofore conveyed to it.

"(g) That the defendant does not possess and has never
possessed either the property rights and easements or the
franchise rights necessary for the construction and operation
of its railway upon the location to which the petitioner seeks
to compel it to remove its tracks; that it is unwilling to
apply for, or accept, a franchise covering such location or
to acquire by purchase or condemnation the property rights
and easements necessary therefor, except upon reasonable
conditions which it has proposed to the petitioner and which
the petitioner has rejected."

To this portion of the return the petitioner demurred on
the ground that such alleged justification did not set forth
facts sufficient to constitute a proper and sufficient return
to the writ, or justification for its refusal to comply.

Upon the hearing the circuit court overruled such de-
murrer, and from the order so holding the petitioners have
appealed.

*Joseph E. Tierney* of West Allis, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw,
Muskat & Van Dyke* of Milwaukee, and oral argument by
*James D. Shaw.*

ESCHWEILER, J.    By the relator's demurrer to that por-
tion of the return above quoted it must be considered as

admitted that the defendant has neither property rights, easements, nor franchise rights necessary for the construction and operation of its railway upon that portion of Burnham street to which petitioner desires that it should remove its tracks. It must also be considered as admitted that the tracks as now laid are upon a private right of way which had been granted to it prior to plaintiff's incorporation by the then owners of the freehold, subject only to the reserved right in said grantors to lay a highway upon and along said strip of land so conveyed.

It is manifest that such an interurban railway company whose tracks are laid upon a private right of way is in a substantially different position from and possesses property rights which do not belong to a similar company operating upon a public highway. To require it to move from its present location on its own property to other property to which it has no property right, easement, or franchise would in effect amount to taking away the property right that it now has to the soil upon which its tracks are laid and requiring it to assume substantially different liabilities and obligations both as to the abutting owners on the new Burnham street and to the municipality.

Before it can lawfully run upon the new trackage as proposed by the petitioner it must, under the admitted facts, assume liabilities to the abutting property owners for which such owners are entitled to compensation. Before any right of condemnation can be exercised as against such abutting property owners by such interurban railway it must first obtain the consent of the municipality. *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13 (129 N. W. 925), and cases cited at p. 22.

We find no warrant under the provisions of the general charter law upon which petitioner relies, either by sub. (31), sec. 925—52, Stats., giving to cities authority to establish and alter grades of streets and sidewalks, or by sub. (51), sec. 925—52, Stats., as to regulating the running of street

railway cars, the laying of tracks for the same, and the trans-
portation of passengers, etc., for the power proposed to be
exercised in this particular instance.

The question involved in many of the cases cited in the
respective briefs as to the power of the municipality to re-
quire the moving of a track once laid upon a public highway
to another portion of the same, is not, under the facts as
admitted by the demurrer in this case, before us, and we
therefore express no opinion thereupon and a review of such
cases is not necessary. A reference to many of them is
found in the case of *Grand Trunk W. R. Co. v. South Bend*,
227 U. S. 544, 553, 33 Sup. Ct. 303. The distinction be-
tween the powers of the state and of a municipality in such
matters is pointed out in *People ex rel. New York v. N. Y.
R. Co.* 217 N. Y. 310, 112 N. E. 49.

Other questions were presented in the briefs in this matter,
but we are disposing of this appeal upon the one point above
determined and express no opinion upon the others. For
the reasons above stated the demurrer to the return was
properly overruled.

*By the Court.*—Order affirmed.