RODNEY L. BRINK, Plaintiff, *v.* THE VILLAGE OF ELMIRA HEIGHTS, Defendant.

Supreme Court, Chemung County, April 2, 1931.

*John E. Sullivan,* for the plaintiff.

*Phillips & Garey,* for the defendant.

PERSONIUS, J. The complaint alleges two causes of action — the *first* to recover $320 which was demanded of the plaintiff by the defendant and paid to it in November, 1927, and the *second* to recover $200 per month from about June 12, 1929, to August 26, 1930.

From the complaint it appears that the defendant village is a municipal corporation; that the plaintiff was its chief of police, and while on duty received injuries which ultimately totally incapacitated him. The village carried compensation but the plaintiff elected to sue a third party. This suit was settled for $2,000. The plaintiff claimed compensation in excess of this amount and his claim was rejected. Prior to such rejection, the defendant had paid the plaintiff certain salary for which the defendant was entitled to reimbursement from any compensation received by the plaintiff. After plaintiff settled his third-party action, the defendant demanded this reimbursement, which was paid, but, as stated above, the plaintiff never received any compensation and consideration for this payment failed. We think this motion should be denied so far as it relates to the first alleged cause of action, to recover this payment.

The second cause of action is based upon a rule of the village police department which provided as follows: " When police officers are absent from duty on account of injury incurred while on duty, and such injury is certified to by the Police Surgeon and the Chief of Police, full pay for lost time will be allowed." The complaint alleges that this rule was in effect when the plaintiff was injured

and that under it plaintiff is entitled to recover his full pay of $200 per month during his permanent disability, amounting at the time the action was commenced to $3,100.

The defendant says that the rule is invalid because the village board had no power or authority to adopt it.

Neither the defendant village nor its officers could do any act or incur any liability not authorized by some act of the Legislature, or necessarily implied as incidental or essential to the exercise of some authority expressly granted. The implied authority must be necessary and essential, not merely convenient, and the intention of the Legislature must be free from doubt. (*People ex rel. City of Olean* v. *Western, etc., Co.*, 214 N. Y. 526, 529; *Matter of McAneny* v. *Board of Estimate*, 232 id. 377, 390.) When there is a fair, reasonable and substantial doubt concerning the existence of an alleged power in a municipality, the power should be denied. (*Matter of City of New York*, 228 N. Y. 140, 152.) Any ordinance or regulation adopted must be reasonable or it is invalid. (*People* v. *Newman*, 109 Misc. 622, 652.)

Tested by these principles, is the rule above quoted valid? Section 188-a of the Village Law (as amd. by Laws of 1930, chap. 853) provides that the trustees may establish a police department and appoint a chief of police and other members. This the village is alleged to have done. Section 188-e (as amd. by Laws of 1926, chap. 523) provides that the trustees may make rules " for the government, discipline, administration and disposition of the police department of such village and the members thereof." Does this legislative authority to adopt rules for the purposes mentioned authorize the trustees to adopt the rule in question? The effect of this rule in the instant case is to retire the plaintiff for incapacity on full pay for life. The rule contains no limitations as to the time of disability. Did the Legislature intend to give the defendant such power and authority? Section 192 of the Village Law (as added by Laws of 1923, chap. 95) authorizes villages of a certain class (which does not include the defendant) to establish a police pension fund. Section 193 (as added by Laws of 1923, chap. 95) provides for the creation of the fund and section 194 (as added by Laws of 1923, chap. 95) provides for the disbursement of the fund to various persons, including a member permanently incapacitated by injury while on duty. It is significant that the Legislature did not include in this provision villages of the defendant's class, or make any provision for a pension or retirement fund in villages of such class. It made no provision for the creation of any fund from which to pay pensions or the like. It did provide (Workmen's Comp. Law, § 50) that a village may secure compensation to its employees

(which the defendant did), and if it does not, it shall be deemed to have elected to be self-insured.

We think the provisions of the Village Law, as a whole, indicate an absence of legislative intent to authorize the defendant to provide for the retirement or pension of a police officer upon full pay for life. The employees of villages of the defendant's class were left for protection to the provisions of the Workmen's Compensation Law. Section 188-e authorized the adoption of rules for the conduct of the police department; many regulations would come within this section. The Legislature could easily have expressly authorized the adoption of a rule providing for compensation while totally or even partially disabled if it had intended to grant such authority. To authorize the enactment of a provision so important and far reaching as the permanent retirement on pension or full pay of police officers is a matter for express legislation, not one to be implied. At least there is a substantial doubt as to the existence of the power and authority in the defendant to adopt the rule.

We think the rule alleged in the complaint and relied on by the plaintiff in his second cause of action is invalid, and that the defendant's motion should be granted as to the second cause of action.