Rocco A. Parella, J.
On December 4, 1958, the Board of Estimate passed a resolution calling for the widening of 37th Street from Third to Eleventh Avenues in the Borough of Manhattan. The office of the Borough President sent letters to adjoining property owners notifying them.that all permits for any encroachments on the sidewalks that were to be narrowed had been revoked and that they were to be removed within 30 days.
Plaintiffs, whose property was located on East 37th Street between Third and Madison Avenues, thereupon removed a canopy and relocated a water shutoff valve outside their building at an expense of $275. Thereafter, on January 26, 1961, the Board of Estimate passed a second resolution to the effect that only the roadway between Madison Avenue and Eleventh Avenue (and not including the street on which plaintiffs’ property adjoined) would be widened.
Plaintiffs sue for the sum of $275 expended by them in complying with the first resolution of the Board of Estimate, and which was rendered useless by the second resolution, by-passing plaintiffs’ property.
Permits for vaults, stoops and other obstructions of the highways are subject to abrogation for public convenience or necessity. However, such a privilege cannot be capriciously withdrawn. It is good till the public convenience or necessity dictates *262 its abrogation (Lincoln Safe Deposit Co. v. City of New York, 210 N. Y. 34, 39).
It appears that there was no necessity in the first place to widen the street in front of plaintiffs’ property, as is apparent from the resolution passed by the Board of Estimate on January 26,1961.
It cannot be said that the action of the board in passing the resolution of December 4, 1958 and in that resolution directing that all permits or licenses for encroachments on the sidewalks in question be repealed and directing the President of the Borough of Manhattan to have them removed, was not capriciously passed, at least for the purpose of determining the issues in the case in hand. As Caedozo, J., indicated in a dissenting opinion, not otherwise relevant, capricious conduct may be imputed to a municipality (People ex rel. City of N. Y. v. New York Rys. Co., 217 N. Y. 310, 319). Having been put to the expense of complying with the abrogated resolution, plaintiffs should be reimbursed therefor.
Further, it was not until the resolution of January 26, 1961 was passed that the plaintiffs’ cause of action can be deemed to have accrued. It was not until then that the action of the board in passing the resolution of December 4, 1958 was revealed as capricious for the purposes of this lawsuit at least. Hence, the plaintiffs are deemed to have complied with section 394a-1.0 of the Administrative Code of the City of New York.
Judgment is directed in favor of the plaintiffs and against the defendant, with interest from January 26, 1961.