782

In the Matter of the CITY OF NEW YORK, Appellant, v STATE OF NEW YORK COMMISSION ON CABLE TELEVISION, Respondent.

Third Department, June 29, 1978

## APPEARANCES OF COUNSEL

*Allen G. Schwartz, Corporation Counsel (Nancy Stassinopoulos, L. Kevin Sheridan* and *Stephen P. Kramer* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Peter J. Dooley* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

Larkin, J.

Petitioner is a municipal corporation which, through its Board of Estimate in 1970, granted two franchises for the operation of cable television systems. In 1975, the two franchisees separately applied to the petitioner for four specified changes in the franchise contracts. Public hearings were held by the Board of Estimate and the proposals were substantially approved by the petitioner and the Mayor of the City of New York. Immediately prior to the Mayor's approval, the two franchisees applied to the respondent Commission on Cable Television for approval of the proposed changes, as mandated by law (Executive Law, § 822). By an order which consolidated the two applications, issued subsequent to the Mayor's action, the commission approved three of the changes but declined to approve the fourth. The disapproved amendment would have required that the franchisees adhere to the contract terms despite a contrary order of the State or of the Federal Communications Commission, until such time as either the Board of Estimate modified the contract by its expressly reserved power to do so, or the authority of the contrary order was finally adjudicated.

Two weeks after the order was issued, the petitioner applied to the commission for reconsideration. The petitioner sought reconsideration on the ground that the commission lacked the statutory authority to approve in part and to disapprove in part an application to amend a cable television franchise agreement. In an order dated December 31, 1975, the commission denied petitioner's application for reconsideration. Petitioner thereupon sought review of the commission's order by this proceeding pursuant to CPLR article 78. Special Term denied petitioner relief by construing respondent's statutory authority (Executive Law, § 822) so as to permit the commission to consider separately each proposed modification which is included in an application for commission approval. It was Special Term's view that while the language of the statute appeared to contemplate the approval of the application as a whole, it was eminently reasonable to consider each proposed alteration as a severable amendment within the meaning of the Executive Law (§ 822, subd 1) and thereby to allow partial approval and disapproval of a single application. This appeal ensued.

The judgment must be reversed. Subdivision 1 of section 822

of the Executive Law provides that "[n]o transfer, renewal or amendment of any [cable television] franchise * * * shall be effective without the prior approval of the commission. Such approval shall be required in addition to any * * * approval required under the franchise or by law." Subdivision 2 of section 822 provides that such approval is to be obtained by an application to the commission by "[a] person wishing to transfer, renew or amend a franchise". Special Term justified its reading of the statute by viewing each component part of the application as a separate amendment so as to vest the respondent commission, pursuant to subdivision 1 of section 822 with the power to approve or disapprove each of the proposed amendments.

Subdivisions 3, 4 and 5 of section 822, however, empower the commission, insofar as is relevant herein, only to "approve the application" (subd 3), to "approve the application contingent upon compliance with standards, terms or conditions" (subd 4) or to "refuse * * * to approve the application" (subd 5). As conceded by Special Term such language seems to "contemplate the approval or disapproval of an application". Also consistent with the petitioner's view that an application must be approved or disapproved as a whole would be a reading of the word "amendment" in subdivision 1 of section 822 as applying to the entire application, not, as held by Special Term, as applying to one of the component parts of the application. The question presented is whether this court should adopt Special Term's narrow construction of the word "amendment" and consequent broad construction of the commission's powers or whether we should more broadly view the word so as to construe the commission's powers as more limited in regard to cable television franchise applications. We opt for the latter approach.

██ ██ Although as a general proposition the construction given to statutes and regulations by the agency responsible for their administration should be upheld unless irrational or unreasonable (Matter of Barie v Lavine, 40 NY2d 565), it is also well established that statutes, such as section 822 of the Executive Law, which delegate legislative authority must be given a strict construction (McKinney's Cons Laws of NY, Book 1, Statutes, § 3, subd [e]). While the State may legislate for the public welfare so as to modify or even to prohibit private contracts or franchise agreements (Matter of Farrell v Drew, 19 NY2d 486; People ex rel. City of Olean v Western

*N. Y. & Pa. Traction Co.,* 214 NY 526; *Levine v Long Is. R. R. Co.,* 38 AD2d 936, affd 30 NY2d 907, cert den 409 US 1040), an administrative agency of the State, such as the respondent commission, may do so only to the extent that it has been expressly delegated such authority *(Levine v Long Is. R. R., Co., supra;* 1 NY Jur, Administrative Law, §§ 62, 63). Particularly as to municipal franchise regulation, no delegation should be found absent a clear and unambiguous statement by the Legislature to that effect *(Matter of Quinby v Public Serv. Comm.,* 223 NY 244).

■ Rather than presenting such a clear and unambiguous statement of the respondent commission's power to approve in part and disapprove in part applications to amend cable television franchise agreements, section 822 of the Executive Law provides, even when viewed in a light most favorable to respondent's construction, at best an ambiguous statement as to whether such power has been delegated. As such, we adopt a narrow construction of the word "amendment" appearing in subdivision 1 of section 822 of the Executive Law and conclude that the respondent is empowered only to approve or to reject applications in their entirety.

The judgment should be reversed, on the law, and the petition granted, without costs.

SWEENEY, J. P., STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Judgment reversed, on the law, and petition granted, without costs.