TRI-STATE TRANSFER CO., Appellant, v. MORRISON, Secretary of State, et al, Respondents.

(257 N. W. 646.)

(File No. 7671. Opinion filed December 3, 1934.)

*Bielski & Elliott,* of Sioux Falls, for Appellant.

*Walter Conway,* Attorney General, and *B. D. Mintener,* Assistant Attorney General, for Respondents.

POLLEY, J. The 1933 Legislature enacted a law designated as chapter 203, the title to which act reads as follows: "An Act Entitled, An Act to Amend Section 37 of Chapter 251 of the Session Laws of 1929, as Amended by Chapter 264 of the Session Laws of 1931, and to Amend Section 39 of Chapter 251 of the Session Laws of 1929, Prescribing the Weight and Length of Motor Vehicles, and Prescribing a Penalty for the Violation Thereof."

Section 37, referred to in the above title, is not involved in this action and need not be further noticed. Section 39, as amended by chapter 203, § 2, Laws 1933, reads as follows: *"Weight of Vehicles and Loads.* (a) It shall be unlawful to drive or operate any vehicle, as defined in this Chapter, or combination of such vehicles upon the public highways of the State the gross weight of which, including the load, is more than twenty thousand pounds; provided, that tractor-semi-trailer combinations licensed to operate in the State prior to April 1st, 1933, may be operated with a gross weight which shall not exceed thirty thousand pounds."

The plaintiff is engaged in the transportation of freight for hire on the public highways of this state by means of certain trucks, truck tractors, trailers, and semitrailers. For the purpose of carrying on such business, plaintiff is the owner of and operates a number of motor vehicles weighing from 14,000 to 15,000 pounds, and each of such vehicles is so constructed and designed as to make it capable of carrying loads of 25,000 pounds exclusive of its own weight.

Plaintiff alleges in its complaint that under the provisions of the above statute plaintiff cannot carry freight on said vehicles exceeding in weight the difference between the weight of such vehicle and 20,000 pounds; that at the rates plaintiff can collect for carrying such freight said vehicles cannot be operated except at a loss to plaintiff; that thereby said vehicles will become wholly worth-

less and in effect become confiscated by the operation of said statute; and that because of such facts such law, if enforced, will deprive plaintiff of its property without due process of law in violation of the provisions of the state Constitution.

█ Plaintiff contends, first, that said law violates the provisions of section 21 of article 3 of the State Constitution. This section reads as follows: "No law shall embrace more than one subject, which shall be expressed in its title." Plaintiff contends that section 39, above quoted, is broader than the title to the act. This contention is based upon the fact that by the terms of the title the law is limited to prescribing the weight and length of motor vehicles, while the law undertakes to provide not only the weight and length of the vehicle, but the weight of the load to be carried thereon as well. We are of the opinion that the title is not subject to the criticism made by plaintiff. The title to chapter 203, Laws 1933, sufficiently refers to the sections and chapter that are to be amended. The subject, to wit, "weight and length of motor vehicles," as prescribed in the title, is broad enough to include the length and weight of the vehicle, including the load thereon.

The Legislature has the unquestioned authority to prescribe the manner of constructing highways, to provide the strength thereof and the size and weight of the loads that may be carried thereon. The purpose of the law is to limit the weight of the vehicle as it rests upon the highway, and it is wholly immaterial whether such weight consists of the vehicle alone or the vehicle and load resting thereon. To enact a law prescribing the maximum weight that could be safely transported over a highway at 20,000 pounds, and then to say that, to a vehicle which alone weighs 20,000 pounds may be added a load weighing 40,000 pounds, is to us the height of absurdity. It is clear to us that the clause "weight of motor vehicle," where used in the title to chapter 203, Laws 1933, means the total weight, whether consisting of vehicle alone or of vehicle and load combined, that is transmitted to the surface of the highway through the wheels of the vehicle.

█ Plaintiff next contends that said law is unconstitutional because it violates section 2 of article 6 of the State Constitution. This provision reads as follows: "No person shall be deprived of life, liberty or property without due process of law." This contention of plaintiff is based upon the fact that it is now equipped

with certain trucks of greater weight and capacity than will be permitted to operate under the law in question and that therefore it will be deprived of this equipment. This contention is without merit because under the terms of the law plaintiff will be permitted to operate all of such equipment as had been licensed prior to the 1st day of April, 1933. Therefore, it will not be deprived of any of such property.

Plaintiff next contends that the law is unconstitutional because it violates section 18 of article 6 of the State Constitution, which reads as follows: "No law shall be passed granting to any citizen, class of citizens or corporation, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations." And section 1 of article 14 of the Amendments to the United States Constitution, which reads as follows: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

This contention is based upon the fact that the law permits vehicles of certain size and capacity that are licensed prior to the 1st day of April, 1933, to continue to operate on the highways after that date, while only vehicles of less weight and capacity can be licensed after that date. In other words, plaintiff contends that this constitutes an unreasonable and arbitrary classification, in that it will permit certain persons to operate vehicles of certain size and capacity while denying that right to other persons. As above stated, the Legislature has the right to prescribe the size and strength of the highways and to prescribe the size and weights of vehicles that may be operated upon such highways. The Legislature was of the opinion that under the law as it existed prior to that time vehicles were permitted to be operated that were of such great weight that they were a menace to the highways, and that it was necessary to reduce such weight. The Legislature may have felt that to permit the heavier vehicles that were licensed prior to April 1, 1933, to continue to operate during the life of such equipment, would not be a grave detriment or menace to the highways, and that no great additional number of such vehicles would probably be purchased or licensed between March 8th, when the law

was approved, and April 1st, after which date no more such vehicles could be licensed. By placing this proviso in the law plaintiff and others operating heavy vehicles on the highways would not lose the value of such equipment and therefore were not injured in any way by the enactment of the law.

The judgment appealed from is affirmed.

All the Judges concur.