126 So.2d 495

Alexander WHITE

v.

STATE.

6 Div. 725.

Court of Appeals of Alabama.

Oct. 4, 1960.

Rehearing Denied Nov. 1, 1960.

Cooper, Mitch, Black & Crawford, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

Alexander White upon his plea of guilty to the charge of grand larceny, was adjudged guilty by the court and sentenced to two years imprisonment in the penitentiary. Upon petition the court suspended the sentence and placed White on probation for a term of four years.

On May 1, 1959, White was arrested on a probation warrant issued by the Circuit Court immediately subsequent to his conviction in a later case on a charge of setting off dynamite near an inhabited dwelling, in violation of Sec. 123, Tit. 14, Code of Alabama, 1940. The judgment in the bombing case was reversed by this court because of certain rulings on matters of evidence. See White v. State, 40 Ala.App. 613, 119 So.2d 344.

After his arrest on the probation warrant on May 1, 1959, White was brought before a Circuit judge and his probation was revoked on May 5, 1959.

Thereafter the appellant filed in this court an original petition for an alternative writ of mandamus praying that a rule nisi be directed to the Hon. Alta King, as one of the judges of the 10th Judicial Circuit of Alabama, to show cause why he should not set aside his order and judgment of May 5, 1959, revoking the petitioner's

probation, and to show cause why he should not reinstate the said probation.

Appellant has also processed an appeal to this court from the order and judgment revoking White's probation.

■ In Sparks v. State, 40 Ala.App. 551, 119 So.2d 596, we held that an appeal would lie from an order revoking probation. In view of this, the petition for the alternative writ of mandamus is denied.

We will now consider this matter on the appeal filed from the order revoking the probation.

■ The very first sentence in the brief filed by the attorneys for the appellant under their "Statement of Facts" is "The appeal is on the record proper." Counsel for appellant in his brief has sought to meet the lack of a transcription of the evidence and proceedings below by statements as to what occurred at the proceedings in which the probation was revoked. If these allegations could be considered by us, and of course they cannot, not being a part of the record, then the appellant might have a meritorious cause of complaint.

■ On the other hand, the State in its answer to the petition for the writ of mandamus has, by certain exhibits attached to the answer, attempted to show matters which would have amply justified the court in entering its order of revocation.

These matters are not shown in the record before us, and cannot now be injected for the first time in this review. They likewise cannot be considered by us.

■ In the state of record before us, we must of necessity conclude we have nothing in the record proper that would justify a reversal of the judgment below. It is accordingly hereby ordered to be affirmed.

Affirmed.