On April 9, 1976, the appellant was arrested and charged with operating an overweight truck in violation of Title 36, § 89, Code of Alabama 1940, as amended by Act No. 922, 1975 Legislative Session, passed September 18, 1975. The appellant entered a plea of not guilty and the case was tried and evidence heard in the County Court of Jefferson County on August 5, 1976. The appellant was found guilty and fined one hundred dollars. *Page 1379 
Notice of appeal was given to the Circuit Court of Jefferson County. The case was submitted to the circuit court on November 8, 1976. No testimony was taken and the facts were stipulated by both parties. On viewing the case de novo, the circuit court found the appellant guilty on November 10, 1976. The appellant filed a "motion to alter or amend a judgment or in the alternative, for a new trial". On November 23, 1976, the opinion and findings of the court were amended.
Notice of appeal was given to the Alabama Supreme Court which properly directed the filing of the appeal in this court under Rule 3 (c), Alabama Rules of Appellate Procedure.
Upon the initial review of the record by this court, there was some question as to the exact facts to which stipulation was had in the court below. Therefore under the provisions of Rule 10 (f) ARAP, the Court of Criminal Appeals directed that a supplemental record be certified and transmitted to this court containing any written stipulation of facts which was had between the parties or, if no such written factual stipulation existed, for the trial court to make a determination of which facts were stipulated by the parties including, but not limited to, the fact of whether the defendant was operating a truck-tractor with a loaded dump trailer as opposed to a trailer-tractor rig at the time of his arrest in this cause.
In compliance with this request, the circuit court found that:
 "The parties agreed to the facts as stated in the Judgment Entry of this Court's proceedings as reflected in the original November 8, 1976 Decree. That the parties have bound themselves to the vehicle description as a matter of fact and law as a thirty-four foot, five axle tractor-trailer and said vehicle description is the finding upon which the Appellant-defendant was found guilty and duly sentenced. That the record is complete as to the parties stipulations in this cause." (Emphasis ours)
The judgment entry of November 8, as referred to above, recites that:
 "This case came on to be heard on stipulation and oral and written argument. The Defendant, Edward E. Tyus, is charged with having an overweight truck. His truck weighed 80,000 pounds. The State contends that, according to the Alabama statute, the maximum weight of a 34 foot, five axle truck is 77,000 (70,000 lbs. plus an allowable 10% tolerance is 77,000 lbs.) and anything over that amount is a violation of the law. The Defendant argues that the maximum, allowable rate is 80,608 pounds."
Thus the stipulated facts as to the description of the truck, as determined by the trial court, are that Edward E. Tyus operated a thirty-four foot, five axle tractor-trailer truck weighing 80,000 pounds. In reaching this determination, the trial judge noted the fact that prior to the submission of the cause, the appellant's attorney "mentioned" the alleged fact that a "loaded dump trailer" was involved in a letter from that attorney to the court. Actually mention of this assertion was made in two letters by the appellant's attorney prior to the original judgment entry.
After the supplemental record was filed in the Court of Criminal Appeals, the attorney for the appellant filed a sworn affidavit with this court in which he asserts that the stipulation involved a five axle, thirty-four foot tractor with dump trailer having a gross weight of 80,000 pounds. He concludes with the statement that, "As God is my witness, this case was heard on a stipulation before Judge Nice that the vehicle involved was a dump trailer".
Rule 10 (f), ARAP provides for the correction or modification of the record on appeal. This subdivision replaces the provisions of former Supreme Court Rule 18 governing certiorari to perfect a record on appeal.
It provides, in pertinent part, as follows:
 "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." (Emphasis ours) *Page 1380 
Additionally, Rule 10 (d), ARAP, if properly and timely invoked, would have allowed the appellant to prepare a statement of the evidence and submit it to the trial court for settlement and approval.
The appellant has the duty of checking his record before submitting his appeal, Hopkins v. State, 51 Ala. App. 510,286 So.2d 920 (1973); it is his burden to file a correct record.Rushing v. State, 40 Ala. App. 361, 113 So.2d 527 (1959). An ex parte affidavit of the type submitted here cannot be considered as part of the record upon which the reviewing court must base its decision. Lewis v. State, 42 Ala. App. 166, 157 So.2d 38
(1963); Butler v. State, 285 Ala. 387, 232 So.2d 631, cert. dismissed, 406 U.S. 939, 92 S.Ct. 1807, 32 L.Ed.2d 140 (1970);Williams v. State, 52 Ala. App. 207, 290 So.2d 668, cert. denied, 292 Ala. 758, 290 So.2d 672 (1973); White v. State,41 Ala. App. 112, 126 So.2d 495, cert. denied, 271 Ala. 702,126 So.2d 496 (1961). An appellate court is bound by the record and such record may not be impeached by affidavits, or otherwise, by matters outside the record. Colburn v. State, 40 Ala. App. 248, 112 So.2d 800, cert. denied, 269 Ala. 694, 112 So.2d 804
(1959). Thus we are bound by the stipulations of fact as found and determined by the trial judge. While the fatality of this decision to the arguments of the defendant on appeal will become manifest in the course of this opinion, we have been given no alternative.
With the disposition of the factual issue, the sole question before this court is whether a thirty-four foot, five axle tractor-trailer truck with a gross weight of 80,000 pounds may lawfully operate on an interstate highway in Alabama. The pertinent statute is Title 36, Section 89, Code of Alabama 1940, as amended by Act No. 922 of the 1975 legislative session. All references to Section 89 in this opinion will be to that section as amended by Act No. 922 unless otherwise designated.
Under subsection (d)(3) of § 89, the total maximum weight for a five axle, thirty-four foot tractor-trailer rig is 70,000 pounds. For purposes of enforcement, subsection (d)(4) of § 89 provides that all scaled weights shall be deemed to have a margin of error of ten percent (10%) of the true gross weight. This means that, in the situation at bar, the measuring scales could have indicated a total of 77,000 pounds (70,000 plus 10% (7,000) = 77,000) before the appellant would have incurred criminal liability for an overweight truck. However the appellant's truck, by stipulation, weighed 80,000 pounds. This was a clear and definite violation of § 89 (d)(3).
In defense and as justification for this violation the appellant alleges that § 89 provides two exceptions to the above weight limitation. Those alleged exceptions are:
 (1) That his truck, a tractor with a loaded dump trailer, was within the special class of vehicles exempt from the axle distance — weight requirements of § 89 (d)(3) by virtue of § 89 (d)(5);
and
 (2) that his truck comes within the "grandfather clause" of § 89 (d)(3) which, under the appellant's interpretation, would allow him to operate at a maximum of 80,608 pounds.
This court finds neither of these arguments persuasive or controlling for the reasons set out below. In finding these two inapplicable and the appellant in violation of the overweight truck law, the trial court held and decreed that:
 (1) That Section 1 (d)(5) of Act No. 922, creating an exemption for dump trucks and other specially constructed trucks, is unconstitutional and void because it attempts to establish an arbitrary and unreasonable classification of vehicles;
 (2) That the grandfather clause of Act No. 922 is null and void because it refers to the old § 89 which was repealed by Act No. 922;
 (3) That the grandfather clause of Act No. 922 is unconstitutional and in violation of equal protection of the law. *Page 1381 
 I
By virtue of § 89 (d)(5), dump trucks and trailers, among other types of trucks "designated and constructed for special type work or use", are excepted from the axle spacing requirements of § 89 (d)(3). Under § 89 (d)(5) the maximum gross weight for a thirty-four foot, five axle dump trailertruck is 80,000 pounds. Compare this to the 70,000 pound maximum gross weight limitation established by § 89 (d)(3) fora tractor trailer unit with the same length and number of axles.
Thus had it been stipulated that the appellant's truck was atractor with a dump trailer instead of a tractor-trailer, the appellant would come under the protection and within the coverage of § 89 (d)(5) and would have been operating within the law. Such is the fatality of the trial court's findings of fact to the appellant's argument as previously set forth.
Although the trial court, after finding the appellant to be not within the coverage of § 89 (d)(5), went on to declare this section unconstitutional, such a conclusion was not necessary to support the decision reached by the trial court. As such, the trial court's determination of unconstitutionality is mere obiter dictum without the force and effect of binding legal precedent. As the issue of the constitutionality of § 89 (d)(5) was not properly before the trial court for determination, it would not be appropriate for this court to venture an opinion on that issue.
 II
The appellant further argues that he was authorized to operate a tractor trailer unit having a gross weight in excess of the weight derived from the Computed Gross Weight Table set forth in § 89 (d)(3) (i.e., 70,000 pounds) but not to exceed 80,608 pounds, by virtue of the "grandfather clause" of that same subsection which provides that:
 "Nothing in this section shall be construed to deny the operation of any vehicle or combination of vehicles that could be lawfully operated upon the highways (and) roads of this state on January 4, 1975."
The issue raised by the grandfather clause is what was the lawful gross weight of any vehicle which could be operated on the roads of this state on January 4, 1975. This compels us to construe the grandfather clause and the intention of the legislature in that regard. The appellant contends that the lawful weight amounted to a prescribed weight of 73,280 pounds plus a ten percent tolerance for a lawful gross weight of 80,608 pounds. Under the reasoning of the appellant, the legislature in enacting the grandfather clause had specific reference to the consent judgment entered on October 25, 1973, in the suit of The State of Alabama, Ex Rel William J. Baxley,Attorney General v. Ray Bass, individually and as highwaydirector of State of Alabama, Case Number 35877, in the Circuit Court of Montgomery County. In that case the Attorney General sought a writ of mandamus to compel the State Highway Director to enforce Title 36, § 89, Code of Alabama 1940 (1973 Cumulative Pocket Part), regulating the size and weight of vehicles and loads in Alabama. Act 922 amended this statute.
Under the old Title 36, § 89 (d)(3), Code of Alabama 1940 (1973 Cumulative Pocket Part), a thirty-four foot tractor trailer truck, regardless of the number of axles, could lawfully operate at a gross weight of 64,500 pounds plus, for purposes of enforcement, a ten percent tolerance of 6,450 pounds, for a maximum gross scaled weight of 70,950 pounds.
However, under the "memorandum of understanding" entered into by the Attorney General and the Highway Director of this state and adopted by the Circuit Court of Montgomery County on October 25, 1973, the maximum weight for all trucks regardless of length or the number of axles was set at 73,280 pounds plus, for purposes of enforcement, a ten percent tolerance of 7,328 pounds, for a total scaled gross weight of 80,608 pounds. Under the old § 89 (d)(3) only trucks forty-three feet and over could *Page 1382 
have such a total gross weight. The reasoning behind this substantial increase in poundage per vehicle regardless of length was stated in the memorandum of understanding.
 "3. Title 36, Section 89, Code of Alabama, includes a list of distances in feet between the first and last axles of vehicles or combinations of vehicles, commonly referred to as the "Bridge Formula". Based upon a through study of the bridge formula and its background, the Attorney General has concluded that said formula, enacted in an earlier time for the protection of bridges, was never intended to operate as a limitation affecting the use of highways generally. This conclusion is supported by the application of similar bridge formulas in neighboring states, none of which applies such formulas as a general limitation upon the use of highways. In accordance with this conclusion, the parties agree that the bridge formula as hereinabove mentioned should be enforced for the protection of bridges rather than as a limitation upon the use of highways generally."
In the original judgment entry of November 8, the trial court declared the memorandum of understanding void and without validity. However, in its amended decree the lower court specifically declined to ascertain the correctness of that memorandum. Instead, the court held that the grandfather clause did not exempt the appellant from the operation of Act No. 922 because:
 (1) The grandfather clause "is null and void for that said clause refers to the law in existence at the time Act 922 became effective and said clause was repealed by operation of law under the provisions of Section 2 of Act 922, 1975 Regular Session of the Legislature";
and
 (2) because the grandfather clause is unconstitutional in that it denies equal protection of the law and "clearly establishes within one quasi criminal statute two standards of conduct and criminal liability predicated on an improper classification of vehicle operators".
The purpose of the grandfather clause was to permit the operation of any vehicle that could lawfully be operated on January 4, 1975, to continue to operate on the highways after that date.
The trial court noted in its opinion that both:
 "(c)ounsel for the defendant and the state have provided and stipulated to the `Memorandum of Understanding' as being that which the legislature refers to in the grandfather clause."
However, this is not a competent subject for stipulation and the litigants may not stipulate to the intent of a lawmaking body. State v. Thomason, 142 Tenn. 527, 221 S.W. 491. It is not competent for the parties "to determine by stipulation, questions as to the existence or proper construction or application of a statute". 73 Am.Jur.2d 540, Statutes § 5, n. 36. Parties cannot stipulate as to the purposes of legislation.E. Fougera Co. v. New York, 224 N.Y. 269, 120 N.E. 642, 1 A.L.R. 1467. Therefore a stipulation of legislative intention is not binding on this court.
It is the opinion of this court that it is not necessary to declare the grandfather clause unconstitutional in order to uphold the conviction of the appellant. This same result may be achieved by interpreting and construing the clause in light of its legislative intent.
The reference in the grandfather clause to the "lawful" operation of vehicles on the January 4, 1975 date can only be construed as referring to the law in existence at that time. Section 89 was the only law then in existence which regulated the gross weight limit of vehicles in Alabama. Section 89 wasnot amended or modified by any legislative act prior to its amendment by Act No. 922. The appellant's argument that the Memorandum of Understanding established the lawful weight limit is without merit. The Memorandum concerned itself only with theenforcement of § 89. As the trial court properly found in its original judgment entry, *Page 1383 
 "The Attorney General and the Highway Director cannot preempt the power of the Legislature and establish or promulgate the legal weight for trucks. The fact that a circuit court approved the agreement lends to it no sanctity or validity."
A court may not amend, amplify, modify or revise a statute. It must give the statute its plain meaning and not attempt to usurp the legislative function of lawmaking. 18 Alabama Digest, Statutes, 181 (1); 4A Alabama Digest, Constitutional Law, 70 et seq. The interpretation given the grandfather clause by the appellant would require that we recognize the validity of a circuit court consent decree that, given such interpretation, was beyond the power and province of that court. This we will not do.
Under Section 89, the maximum gross weight for a thirty-four foot, five axle tractor-trailer truck, including the ten percent tolerance was 70,950 pounds. This was the maximum limit under which the appellant could have operated on January 4, 1975. This is in spite of the fact that under the agreement of the Attorney General and the Highway Director no arrest would be made except for vehicles weighing in excess of 80,608 pounds. Therefore, assuming that the appellant qualified under the grandfather clause, his 80,000 pounds were still in violation of the 70,950 pound limit.
While the trial court declared the grandfather clause unconstitutional on the grounds that its effect resulted in a denial of equal protection, we find (1) that this conclusion was not necessary to the outcome of this case and (2) that the court's construction of the grandfather clause as being unconstitutional is improper.
The identical question was raised in Tri-State Transfer Co.v. Morrison, 63 S.D. 271, 257 N.W. 646 (1934). The South Dakota law provided that:
 "Weight of Vehicles and Loads. (a) It shall be unlawful to drive or operate any vehicle, as defined in this Chapter, or combination of such vehicles upon the public highways of the State the gross weight of which, including the load, is more than twenty thousand pounds; provided, that tractor-semi-trailer combinations licensed to operate in the State prior to April 1st, 1933, may be operated with a gross weight which shall not exceed thirty thousand pounds." (Emphasis ours)
The petitioner there contended that the law violated both the state and federal constitutional provisions against the unequal protection of the laws. The petitioner contended the classification was unreasonable and arbitrary in that it permitted vehicles of a certain size and capacity that were licensed prior to April 1, 1973, to continue to operate on the highways after that date, while only vehicles of less capacity and weight could be licensed after that date. In answering his contention, the Supreme Court of South Dakota stated:
 "The Legislature has the right to prescribe the size and strength of the highways and to prescribe the size and weights of vehicles that may be operated upon such highways. The Legislature was of the opinion that under the law as it existed prior to that time vehicles were permitted to be operated that were of such great weight that they were a menace to the highways and that it was necessary to reduce such weight. The Legislature may have felt that to permit the heavier vehicles that were licensed prior to April 1, 1933, to continue to operate during the life of such equipment, would not be a grave detriment or menace to the highways, and that no great additional number of such vehicles would probably be purchased or licensed between March 8th, when the law was approved, and April 1st, after which date no more such vehicles could be licensed. By placing this proviso in the law plaintiff and others operating heavy vehicles on the highways would not lose the value of such equipment and therefore were not injured in any way by the enactment of the law."
Under this reasoning, we hold that the grandfather clause of Act No. 922 is not unconstitutional as a denial of equal protection under the law. *Page 1384 
Furthermore if this court were to adopt the weight limits established by the Memorandum of Understanding as that to which the legislature had reference in drafting the grandfather clause, the clause itself would fail due to lack of notice of its terms. It is a general principle of statutory law that a statute must be definite to be valid. 18 Alabama Digest, Statutes, 47. When it leaves the legislature, a statute must be complete in all its terms and it must be definite and certain enough to enable every person, by reading it, to know what his rights and obligations are and know the statute will operate when put into execution. Weissinger v. Boswell, 330 F. Supp. 615
(D.C.Ala. 1971). A person viewing Section 89 would simply not arrive at the standard offered in the Memorandum. Therefore, if the Memorandum is the correct standard and if its limitations should have been the correct enforceable limit on January 4, 1975, the terms of the statute itself and the grandfather clause would be too vague and ambiguous to apprise a person of what his rights and obligations thereunder were. In construing the grandfather clause, a thorough search of the law books would nowhere reveal even the existence of the Memorandum. Therefore, in order to construe the grandfather clause with some degree of definiteness, we must find that the clause refers to old Section 89 and not the Memorandum of Understanding. We will not interpret the grandfather clause in an unconstitutional manner in order to bring the appellant within its saving terms.
It is the judgment of this court that the determinations of unconstitutionality made by the trial court were not proper or necessary to support the finding of guilt rendered below. As such, those determinations were harmless to the appellant and did not violate any of his substantial rights. We have reviewed the entire record as required by law and are of the opinion that this case is due to be and is hereby
AFFIRMED.
All Judges concur.