**Listle VAUGHN, Petitioner-Appellant,**

v.

**Robert BRITTON, Prison Commissioner for the State of Alabama; Circuit Court of Pike County, Alabama; Judge Terry Butts; and the Attorney General of the State of Alabama, Respondents-Appellees.**

No. 83–7229.

United States Court of Appeals,
Eleventh Circuit.

Aug. 28, 1984.

David G. Flack (Court-appointed), Montgomery, Ala., for petitioner-appellant.

Helen P. Nelson, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before GODBOLD, Chief Judge, JOHNSON and CLARK, Circuit Judges.

GODBOLD, Chief Judge:

This case concerns the claim of a habeas petitioner that the *Allen* charge, *see Allen v. U.S.*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), given to the jury at his trial for murder resulted in a coerced verdict of guilty and hence a mandatory life sentence. Because of a procedural default not excused by the required showing of cause and prejudice, we are barred from considering the merits of petitioner's claim and, therefore, affirm the district court's denial of relief.

## I. FACTS

Petitioner Vaughn shot and killed Starks in 1976 as Starks was walking up the front steps of a neighbor's house. Starks was unarmed. Vaughn had driven up in his auto, gotten out and approached Starks, and called him by name. When Starks turned to face Vaughn, Vaughn shot him.

Vaughn admitted to law enforcement officers that he shot Starks one time with a shotgun. He confessed that he and Starks had been having trouble, and that he "just decided it was me or him." He said Starks had been chasing him and threatening to kill him. At trial Vaughn's defense rested on the victim's alleged previous attempts and threats to kill him. Vaughn claimed that he went to see Starks to find out why Starks was trying to kill him, and fired in self defense only when he thought Starks was going to shoot him.

After some deliberation, the trial jury returned requesting further instructions on the differences between first and second degree murder under Alabama law. The jury retired again but subsequently returned a second time to inform the court that it was deadlocked. The court then gave the jury the *Allen* charge at issue here. No defense objection to the charge appears in the record. The jury again retired, but very shortly—petitioner's trial attorney testified below that only five minutes had elapsed—the jury returned a verdict of guilty on the first degree murder charge. Petitioner received a mandatory life sentence.

At petitioner's request, the jury was polled. When the court questioned the first juror, the following colloquy took place:

Q: Is this your verdict, Mr. Alloway?
A: As I went along with the majority.
Q: Are you telling the Court that this is your verdict?
A: Yes, sir.
Q: Yes, or no?
A: Yes, sir.
Q: All right, sir.

The remaining jurors all answered "yes" when asked if this was their verdict.

Petitioner appealed to the Alabama Court of Criminal Appeals, claiming *inter alia* that the *Allen* charge constituted reversible error. Although noting that it disapproved of such charges, the appellate court refused to consider the merits of petitioner's claim because no objection to the charge appeared in the trial record.

Appellant contends the trial court erred in giving the deadlocked jury an *Allen* type charge. Although this Court does not favor such a charge, we nevertheless have recognized its approval by our Supreme Court ....

Appellant's counsel, in brief, argues that he objected to the *Allen* or "dynamite" charge, even though the record fails to show his objection. It is the duty of the appellant to perfect his appeal by seeing that a complete record is filed in the appellate court which reflects the points upon which he seeks review. We are bound by the record and cannot consider matter contained in briefs which is not on the face of the record.

*Vaughn v. State,* 347 So.2d 582, 584 (Ala. Crim.App.1977) (footnote and citations omitted). Vaughn raised the issue again in his coram nobis petition but to no avail. After exhausting state remedies, he filed this action for federal habeas relief.

The magistrate who handled the case below conducted an evidentiary hearing at which petitioner's trial counsel and juror Alloway testified. After hearing these witnesses and reviewing the record, the magistrate recommended that habeas relief be denied because of trial counsel's procedural default in failing to correct the record to reflect his objection to the *Allen* charge. The magistrate noted that cause and prejudice were not shown for failure to correct the record, as required by *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Thus consideration of the merits was barred. The district court adopted the findings and conclusions of the magistrate and accordingly denied relief. On appeal petitioner contends that trial counsel's failure to correct the record was not a procedural default barring consideration of the merits of his substantive claim since the Alabama Rules of Appellate Procedure confer discretion on the state appellate court to correct the record on its own motion. We find this construction of the Alabama Rules unsupported by precedent, however, and agree with the court below that procedural default precludes us from reaching the merits on the *Allen* charge.

## II. PROCEDURAL DEFAULT

Rule 10(f) of the Alabama Rules of Appellate Procedure governs correction or modification of the record on appeal. That rule provides in relevant part:

If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted.

Although the rule confers some discretion on the appellate court to correct an incomplete record, the burden still remains on the parties to submit a complete and accurate record. "The appellant and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a correct record." *Weaver v. State,* 401 So.2d 344, 348 (Ala.Crim.App. 1981); *see Tyus v. State,* 347 So.2d 1377, 1380 (Ala.Crim.App.), *cert. denied,* 347 So.2d 1384 (Ala.1977).

In the present case trial counsel failed to comply with this duty. Counsel consulted with the court reporter on what his notes of the trial showed but he did not move in either trial or appellate court to correct the record as permitted under Rule 10(f). In the appellate court no reference was made to Rule 10(f) to call the court's attention to the alleged omission of counsel's objection. Counsel stated in the last page of his brief before the state appellate court, that "[a]ppellant objected to the [*Allen*] charge but such objection is not noted in the record." Under Alabama law this is insufficient since the appellate court "is bound by the record, and the record may not be impeached by matters outside the record, such as mere conclusory allegations of counsel in brief." *Hollins v. State,* 415 So.2d 1249, 1252 (Ala.Crim.App.1982).

The cases cited above strongly suggest that the discretion in the state appellate court to correct a trial record on its own motion is to be exercised, if at all, only in rare circumstances. *See* L. Yackle, *Post-conviction Remedies* § 84 n. 14.21 (Supp. 1984) (existence of rules that permit state appellate courts to forgive procedural default in some cases should not necessarily lead to conclusion that no default/forfeiture rule exists at all). Ultimately, the burden remains on the appellant to either submit a correct record or to call the appellate court's attention to any omission by a motion under Rule 10(f). *See Hollins*, 415 So.2d at 1252 (noting that where the appellant has failed to invoke Rule 10(f) and the record reveals trial proceedings regular on their face, the appellate court "can only conclude ... that the record on appeal is correct"). The state court found that petitioner's failure to discharge that burden constituted a procedural default precluding review of the merits of the *Allen* charge claim.

Sound judicial policy supports the existence and enforcement of this state procedural rule. Disputes about the content of the record are best resolved by the trial court, before the judge who heard the evidence and is likely to recall what was said and done. Appellate courts are at a disadvantage in confronting claims of incorrect trial records because they have little or no basis upon which to determine what happened below. Where the parties agree that there are omissions in the record, the appellate court's position is less difficult, but there was no such agreement here.

■ In this case the state has never acquiesced in petitioner's assertion that his trial counsel objected to the *Allen* charge but rather has consistently maintained that in the absence of a record objection the court could not consider the merits of the claim. A litigant who does no more than state conclusorily in his appellate brief that he objected when the record shows that he did not, may not rely on discretion of the appellate court to escape the procedural default.

Because of petitioner's procedural default, he must show cause and prejudice before his claim can be considered on the merits.

Petitioner raises a second claim, a variation on the first, that one of the jurors surrendered his conscientious views about petitioner's guilt after the *Allen* charge was given. This point was not raised below, and we decline to consider it for the first time on appeal.

AFFIRMED.