■ INTRASTATE TRUCKING CORPORATION, Appellant, v FRANKLIN E. WHITE, as Commissioner of the New York State Department of Transportation, Respondent.—Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted judgment declaring that Vehicle and Traffic Law § 385 (15) and related regulations governing the issuance of divisible load overweight permits (17 NYCRR part 154) are constitutional. The regulation of the weight of vehicles for the purposes of highway safety and protection of highways and bridges is a valid exercise of State power *(see, South Carolina Highway Dept. v Barnwell Bros.,* 303 US 177; *Bakery Salvage Corp. v City of Lackawanna,* 30 AD2d 207, 210, *affd* 24 NY2d 643, *mot to amend remittitur granted* 24 NY2d 1025), and plaintiff has failed to meet its heavy burden of demonstrating that the subject regulations are not reasonably related to those purposes or that the regulations discriminate against interstate commerce. Under the circumstances, such regulations do not violate the constitutional due process rights of truck haulers (US Const 14th Amend; NY Const, art I, § 6); nor do such regulations impose an undue burden on interstate commerce *(see, Bakery Salvage Corp. v City of Lackawanna, supra; see also, Lattavo Bros. v Hudock,* 119 F Supp 587, *affd* 347 US 910).

Likewise without merit is plaintiff's challenge upon equal protection grounds (US Const 14th Amend; NY Const, art I, § 11). Vehicle and Traffic Law § 385 (15) and the related regulations authorize the issuance of divisible load overweight permits for vehicles registered prior to 1986 and for vehicles of the same type and purpose which replaced pre-1986 vehicles; the owners of trucks registered on or after January 1, 1986 are not eligible for such permits.

The establishment of a cut-off date for the issuance of permits or the "grandfathering" of certain vehicles registered

prior to that cut-off date does not constitute an invalid classification where, as here, the legislation and regulatory scheme are rationally related to the achievement of the governmental purpose of reducing the overall weight of vehicles traveling on State highways *(see, Tri-State Transfer Co. v Morrison,* 63 SD 271, 257 NW 646; *cf., New Orleans v Dukes,* 427 US 297; *Matter of Stracquadanio v Department of Health,* 285 NY 93). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Declaratory Judgment.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.